# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FTD GROUP, INC. and UNITED ONLINE, INC.,<br><br>Defendants. | C.A. No. 13-518-LPS<br><br>**JURY TRIAL DEMANDED** |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF FTD GROUP, INC. TO FIRST AMENDED COMPLAINT

FTD Group, Inc. ("FTDG") answers the First Amended Complaint (D.I. 12) of Plaintiff Princeton Digital Image Corporation ("Princeton Digital" or "Plaintiff") as follows.

## PARTIES

1. FTDG is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1 of the First Amended Complaint, and therefore denies them.

2. FTDG admits that it is a Delaware corporation and has its agent for service of process as National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, DE 19904.

3. FTDG denies each and every allegation in paragraph 3 of the First Amended Complaint.

4. FTDG admits that United Online, Inc. is a Delaware corporation and has its agent for service of process as National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, DE 19904.

5. FTDG denies each and every allegation in paragraph 5 of the First Amended Complaint.

6. FTDG denies each and every allegation in paragraph 6 of the First Amended Complaint.

7. FTDG denies each and every allegation in paragraph 7 of the First Amended Complaint.

8. FTDG denies each and every allegation in paragraph 8 of the First Amended Complaint.

## JURISDICTION AND VENUE

9. FTDG admits that the First Amended Complaint purports to state an action that arises under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*, but denies the legal sufficiency of Plaintiff's claims and allegations. Except as expressly admitted herein, FTDG denies each and every allegation in paragraph 9 of the First Amended Complaint.

10. FTDG admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. For purposes of this action, FTDG admits that this Court has personal jurisdiction over FTDG. Except as expressly admitted herein, FTDG denies each and every allegation in paragraph 11 of the First Amended Complaint. FTDG specifically denies committing any acts of patent infringement.

12. FTDG denies each and every allegation in paragraph 12 of the First Amended Complaint.

## BACKGROUND

13. FTDG admits that U.S. Patent No. 4,813,056 (the "'056 Patent") on its face recites that it was issued to Nicola J. Fedele on March 14, 1989. FTDG denies that the '056 Patent was duly and legally issued. FTDG denies that the '056 Patent at all applicable times was valid and subsisting. FTDG admits that a document marked as the '056 Patent, which is entitled

2

"Modified Statistical Coding of Digital Signals," is attached as Exhibit A to the First Amended Complaint. Except as expressly admitted herein, FTDG denies each and every allegation in paragraph 13 of the First Amended Complaint.

14. FTDG is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14 of the First Amended Complaint, and therefore denies them.

## INFRINGEMENT OF THE '056 PATENT

15. FTDG denies each and every allegation in paragraph 15 of the First Amended Complaint.

16. FTDG denies each and every allegation in paragraph 16 of the First Amended Complaint.

17. FTDG admits that United Online, Inc. is not alleged to have infringed the '056 Patent. Except as expressly admitted herein, FTDG denies each and every allegation in paragraph 17 of the First Amended Complaint.

18. FTDG denies each and every allegation in paragraph 18 of the First Amended Complaint.

19. FTDG denies each and every allegation in paragraph 19 of the First Amended Complaint.

## PRAYER AND RELIEF

No response to the "Prayer and Relief" is necessary. To the extent a response is deemed necessary, FTDG denies any allegations contained in the "Prayer and Relief," and denies that Plaintiff is entitled to any of the requested relief. To the extent not expressly admitted above, FTDG denies the factual allegations contained in the First Amended Complaint.

## JURY DEMAND

No response to the "Jury Demand" is necessary.

3

## AFFIRMATIVE DEFENSES

Subject to the responses above, FTDG alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to the responses above, FTDG specifically reserves the right to allege additional defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE: NON-INFRINGEMENT

20. FTDG has not infringed, and is not infringing, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '056 Patent.

### SECOND AFFIRMATIVE DEFENSE: INVALIDITY

21. The claims of the '056 Patent are invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE: LACHES, WAIVER, EQUITABLE ESTOPPEL

22. All or some of Plaintiff's claims for relief are barred by the doctrine of laches, waiver, and/or equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSE: LIMITATION ON DAMAGES AND COST

23. Any claims for damages for alleged infringement of the '056 Patent are barred or limited due to the failure to satisfy the requirements of 35 U.S.C. § 287 and are limited by 35 U.S.C. § 286. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

### FIFTH AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

24. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE: INADEQUATE EVIDENCE OF OWNERSHIP

25. Plaintiff has failed to provide adequate evidence of ownership of the '056 Patent and therefore lacks standing to bring suit.

### SEVENTH AFFIRMATIVE DEFENSE: EXHAUSTION AND LICENSE

26. Plaintiff's claims for patent infringement are precluded in whole or in part by an express or implied license to the '056 Patent and/or under the doctrine of patent exhaustion.

### EIGHTH AFFIRMATIVE DEFENSE: PATENT OFFICE ESTOPPEL

27. Because of proceedings in the United States Patent and Trademark Office ("U.S. PTO") during the prosecution of the application that resulted in the '056 Patent, including the specification, claims, and acts and representations made to the U.S. PTO, Plaintiff is estopped from claiming a construction of the '056 patent that would cause any valid claim thereof to be or have been infringed, literally or under the doctrine of equivalents, by FTDG.

### NINTH AFFIRMATIVE DEFENSE: FAILURE TO MITIGATE DAMAGES

28. Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate damages, if any.

### TENTH AFFIRMATIVE DEFENSE: UNCLEAN HANDS

29. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE: DISCLAIMER

30. The claims for relief are barred, in whole or in part, by the doctrine of disclaimer.

### COUNTERCLAIMS

Defendant/Counterclaim Plaintiff FTD Group, Inc. ("FTDG") for its counterclaims against Princeton Digital Image Corporation ("Princeton Digital") states as follows:

RLF1 9503888v.1

## THE PARTIES

1.      FTDG is a corporation organized under the laws of Delaware with its principal place of business in Downers Grove, Illinois.

2.      On information and belief, Princeton Digital is a corporation organized and doing business under the laws of Texas.

## JURISDICTION AND VENUE

3.      Subject to FTDG's affirmative defenses and denials, FTDG alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338, 2201, and 2202.

4.      Personal jurisdiction and venue in this District are proper under 28 U.S.C. §§ 1391(b), 1391(c).

## FACTUAL BACKGROUND

5.      In its First Amended Complaint, Princeton Digital asserts that FTDG has infringed the '056 Patent.

6.      The '056 Patent is invalid and has not been and is not infringed by FTDG.

7.      An actual controversy exists between Princeton Digital and FTDG by virtue of the infringement allegations in Princeton Digital's First Amended Complaint, and FTDG's denial of such allegations.

## COUNTERCLAIM 1: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

8.      FTDG realleges and incorporates by reference paragraphs 1-7 of its Counterclaims.

9.      This is a counterclaim for a declaratory judgment of non-infringement of the '056 Patent.

RLF1 9503888v.1

10. An actual case or controversy exists between FTDG and Princeton Digital as to whether the '056 Patent is not infringed by FTDG.

11. A judicial declaration is necessary and appropriate so that FTDG may ascertain its rights regarding the '056 Patent.

12. FTDG has not infringed, and is not infringing, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '056 Patent.

13. This is an exceptional case entitling FTDG to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNTERCLAIM 2: DECLARATORY JUDGMENT OF INVALIDITY

14. FTDG realleges and incorporates by reference paragraphs 1-7 of its Counterclaims.

15. This is a counterclaim for a declaratory judgment of invalidity of the '056 Patent.

16. An actual case or controversy exists between FTDG and Princeton Digital concerning the validity of the '056 Patent by virtue of Princeton Digital's assertion of infringement of that patent by FTDG.

17. The claims of the '056 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

18. This is an exceptional case entitling FTDG to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, FTDG prays for:

1. A judgment dismissing Princeton Digital's First Amended Complaint with prejudice.

2.      A judgment providing that Princeton Digital shall not be awarded any relief on its First Amended Complaint, including without limitation, any award of damages, attorneys' fees, costs, or injunctive relief.

3.      A judgment in favor of all of FTDG's Counterclaims.

4.      A judgment declaring each claim of the '056 Patent invalid.

5.      A judgment that FTDG has not infringed, and is not infringing, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '056 Patent.

6.      A judgment deeming this to be an exceptional case under 35 U.S.C. § 285 and awarding FTDG its attorneys' fees, expenses, and costs in this action, together with pre-judgment interest.

7.      Such other and further relief as the Court deems proper.

## JURY DEMAND

FTDG demands a trial by jury of all issues properly triable by jury in this action.

*Of Counsel:*

FOLEY & LARDNER LLP
William J. Robinson
Jean-Paul Ciardullo
Justin M. Sobaje
555 S. Flower St., Suite 3500
Los Angeles, CA  90071
(213) 972-4500
wrobinson@foley.com
jciardullo@foley.com
jsobaje@foley.com

Dated:  October 23, 2013

             */s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

*Attorneys for Defendant FTD Group, Inc.*