**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

PRINCETON DIGITAL IMAGE )
CORPORATION, )
                )
          Plaintiff, )      C.A. No. 13-518-LPS
                )
      v. )      **JURY TRIAL DEMANDED**
                )
FTD GROUP, INC. and UNITED ONLINE, )
INC., )
                )
          Defendants. )

**DEFENDANT UNITED ONLINE, INC.'S OPENING BRIEF IN SUPPORT**
**OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED**
**COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH**
**RELIEF CAN BE GRANTED**

Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

*Attorneys for Defendant United Online, Inc.*

*Of Counsel:*

FOLEY & LARDNER LLP
William J. Robinson
Jean-Paul Ciardullo
Justin M. Sobaje
555 S. Flower St., Suite 3500
Los Angeles, CA 90071
(213) 972-4500
wrobinson@foley.com
jciardullo@foley.com
jsobaje@foley.com

Dated: October 23, 2013

## TABLE OF CONTENTS

I.      NATURE AND STAGE OF PROCEEDINGS ................................................................ 1

II.     SUMMARY OF ARGUMENT .................................................................................... 2

III.    STATEMENT OF FACTS ........................................................................................ 3

IV.     ARGUMENT .......................................................................................................... 4

       A.      General Law Regarding Pleading And Motions To Dismiss.................................. 4

       B.      The FAC Fails to State a Claim for Liability Against UOL .................................. 6

              1.      The Required Factual Elements for Pleading *De Facto* Merger ................. 6

              2.      The FAC Does Not Properly Plead *De Facto* Merger ............................... 7

       C.      Leave to Amend Should Be Denied.................................................................... 8

V.      CONCLUSION....................................................................................................... 8

RLF1 9504046v.1

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allstate Insurance Co. v. Countrywide Fin. Corp.*,
  842 F. Supp. 2d 1216 (C.D. Cal. 2012) ...............................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .......................................................................................4, 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...........................................................................................4

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ...........................................................................5

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ..............................................................................7

*E.I. du Pont de Nemours & Co. v. Heraeus Holding GmbH*,
  2012 U.S. Dist. LEXIS 140037 (D. Del. Sept. 28, 2012) .......................................5

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.*,
  2013 U.S. Dist. LEXIS 45370 (D. Del. Mar. 29, 2013) ......................................4, 5

*Foman v. Davis*,
  371 U.S. 178 (1962) ...........................................................................................7

*Harrison Beverage Co. v. Dribeck Importers, Inc.*,
  133 F.R.D. 463 (D.N.J. 1990) .............................................................................7

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
  2011 U.S. Dist. LEXIS 53359 (C.D. Cal. Apr. 20, 2011) ......................................6

*Oran v. Stafford*,
  226 F.3d 275 (3d Cir. 2000) ...............................................................................7

*Polius v. Clark Equip. Co.*,
  802 F.2d 75 (3d Cir. 1986) .................................................................................2

*Raytech Corp. v. White*,
  54 F.3d 187 (3d Cir. 1995) .................................................................................2

*Wilkerson v. New Media Technology Charter School Inc.*,
  522 F.3d 315 (3d Cir. 2008) ...............................................................................5

**State Cases**

*Allied Capital Corp. v. GC-Sun Holdings, L.P.*,
910 A.2d 1020 (Del. Ch. 2006)................................................................................7

*Bryant, Griffith & Brunson, Inc. v. General Newspapers, Inc.*,
36 Del. 468, 178 A. 645 (Del. Super. 1935) ...........................................................6

*Heilbrunn v. Sun Chemical Corp.*,
37 Del. Ch. 552, 146 A.2d 757 (Del. Ch. 1958), *aff'd*, 38 Del. Ch. 321, 150
A.2d 755 (Del. 1959) ................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 8(a)(2)..................................................................................................4

Fed. R. Civ. P. 12(b)(6)..........................................................................................1, 4

RLF1 9504046v.1

I.      **NATURE AND STAGE OF PROCEEDINGS**

Plaintiff Princeton Digital Image Corporation ("Plaintiff") filed an original Complaint against Defendants FTD Group, Inc. ("FTDG") and United Online, Inc. ("UOL") (collectively, "Defendants") on April 2, 2013, alleging infringement by Defendants of U.S. Patent No. 4,813,056 ("the '056 patent").  D.I. 1.  On September 19, 2013, Defendants filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.  D.I. 8, 9.  On October 7, 2013, Plaintiff filed a First Amended Complaint ("FAC") alleging infringement by FTDG, and stating that "Defendant United Online, Inc. is not alleged to have infringed the '056 patent directly, but is alleged to be at least partially liable for damages caused by infringement by Defendant FTD Group, Inc. as a result of its *de facto* merger with Defendant FTD Group, Inc." D.I. 12 ¶ 17 (emphasis added).  UOL brings this motion under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's FAC against UOL on the ground that Plaintiff has failed to state a claim against UOL upon which relief can be granted.

The allegation of liability in the FAC against UOL is defective because the Plaintiff has failed to properly plead *de facto* merger under Delaware law.  Delaware uses the doctrine of *de facto* merger sparingly, and only in very limited contexts.  In order to plead *de facto* merger under Delaware law, a Plaintiff must allege facts to show that (1) adequate consideration was not received and held by the transferor corporation in exchange for the assets that were transferred; (2) the asset transfer did not comply with the statute governing such an asset sale; (3) creditors or stockholders were injured by a failure to comply with the statute governing an asset sale; and (4) there was fraud or bad faith.  The Plaintiff did not provide any facts in the FAC regarding *de facto* merger, so the allegation of liability in the FAC against UOL must be dismissed.

Moreover, there is no factual basis for such an allegation.  FTDG is a wholly-owned *subsidiary* of UOL, which is a public-traded company.  As of November 1, 2013, FTDG will be

spun off as a separate company. Plaintiff knew or should have known of these facts before making its baseless allegations. As such, having made and failed twice to state a claim against UOL, Plaintiff's claim against UOL should now be dismissed with prejudice.

## II.    SUMMARY OF ARGUMENT

The FAC fails to state a claim against UOL for liability. The only allegation of liability against UOL in the FAC is premised on an alleged "*de facto* merger" between FTDG and UOL. The FAC, however, fails to properly plead *de facto* merger between FTDG and UOL, because the FAC does not allege any facts concerning any of the elements required for a *de facto* merger. The *de facto* merger doctrine is a rarely-used exception to the "well-settled rule of corporate law, [that] where one company sells or transfers all of its assets to another, the second entity does not become liable for the debts and liabilities, including torts, of the transferor." *Polius v. Clark Equip. Co.*, 802 F.2d 75, 77 (3d Cir. 1986). This is the general rule of successor liability, recognized in all jurisdictions: "when a corporation purchases all or most of the assets of another corporation, the purchasing corporation does not assume the debts and liabilities of the selling corporation." *Raytech Corp. v. White*, 54 F.3d 187, 192 n.6 (3rd Cir. 1995) (citing 15 W. Fletcher, Cyclopedia of the Law of Private Corporations § 7122 at 232).

UOL's prior Motion to Dismiss demonstrated why an alter ego theory of liability fails. This Motion demonstrates why a *de factor* merger theory fails. The simple fact is that UOL and FTDG are two separate, corporate entities. UOL is specifically alleged not to be an infringer. As such, Plaintiff's groundless attempts to keep UOL in the case on frivolous legal theories should, at a minimum, now require dismissal of UOL with prejudice the ground that Plaintiff has failed to state a claim against UOL upon which relief can be granted.

2

III.    **STATEMENT OF FACTS**

On April 2, 2013, Plaintiff filed the original Complaint that alleged patent infringement by both FTDG and UOL.  D.I. 1 ¶ 9.  On September 19, 2013, FTDG and UOL filed a Motion to Dismiss Plaintiff's original Complaint for failure to state a claim upon which relief can be granted.  D.I. 8, 9.  On October 7, 2013, Plaintiff filed the FAC alleging infringement by FTDG, and admitting that "Defendant United Online, Inc. is not alleged to have infringed the '056 patent directly".  D.I. 12 ¶ 17 (emphasis added).

Plaintiff alleges in the FAC that "[o]n or about August 26, 2008, Defendant FTD Group, Inc. merged with Defendant United Online, Inc." and that "[a]s a result of the merger of Defendant FTD Group, Inc. into Defendant United Online, Inc., Defendant United Online, Inc. assumed liability for the prior debts and liabilities of Defendant FTD Group, Inc., and such liability includes liability for damages for patent infringement as alleged in this Amended Complaint."  D.I. 12 ¶ 7, 8 (emphasis added).  Plaintiff then alleges in the FAC that "Defendant United Online, Inc. … is alleged to be at least partially liable for damages caused by infringement by Defendant FTD Group, Inc. as a result of its *de facto* merger with Defendant FTD Group, Inc."  D.I. 12 ¶ 17 (emphasis added).

While the *de facto* merger allegation legally fails for the reasons discussed *infra*, it is so far contrary to the publicly-available corporate information that the Court should deem it to be completely frivolous.[1]  As UOL's 2013 SEC 10-K states at p. 4 "In 2008, we *acquired* FTD Group, Inc. (together with its subsidiaries, "FTD") …" (emphasis added). The 10-K goes on to state at p. 5 that "On August 1, 2012, United Online, Inc. announced that its Board of Directors

---

[1]  While UOL fully appreciates that matters outside of a pleading are not normally considered on a motion to dismiss, UOL raises these facts to show why the allegation should have never been made and why leave to amend would be futile and should thus be denied.

had approved a preliminary plan to *separate* the Company into two independent, publicly-traded companies: FTD, which will include the domestic and international operations of the Company's FTD segment, and United Online, Inc., which will continue to include the businesses of the Company's Content & Media and Communications segments (the "FTD Spin-Off Transaction")." (Ex. 1).[2] That Spin-Off Transaction will be completed as of November 1, 2013 (Ex. 2), which is by the time this Motion will be heard. Thus, the *de facto* merger allegation makes no sense in view of the 2008 asset purchase. It will make no sense in view of the November 2013 FTDG Spin Off. It is an allegation that does not belong in this case.

## IV.   ARGUMENT

### A.   General Law Regarding Pleading And Motions To Dismiss

According to Fed. R. Civ. P. 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a "threshold requirement" for Rule 8(a)(2), which is that "the 'plain statement' possess enough heft to 'show that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). To meet the threshold requirement, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations omitted).

A party may move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain *sufficient factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[2] The referenced exhibits are attached to the Declaration of William J. Robinson, filed concurrently herewith.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Twombly*, 550 U.S. at 570).  In other words, a complaint must contain enough "factual content" to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*

When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts in this District conduct a two-part analysis.  *See Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, No. 12-540, 2013 U.S. Dist. LEXIS 45370, at *3 (D. Del. Mar. 29, 2013).  First, "courts separate the factual and legal elements of a claim, accepting all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions."  *Id.* (citations and internal quotation marks omitted).  "However, the Court is not obligated to accept as true 'bald assertions.'"  *Id.* (citation and internal quotation marks omitted).

The second part of the analysis of a 12(b)(6) motion to dismiss requires a court to "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief."  *Id.* (citations and internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citation omitted).  "[D]etermining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted).

In a patent case, a motion to dismiss for failure to state a claim is reviewed under the law of the regional circuit.  *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).  In the Third Circuit, in order to survive a 12(b)(6) motion, a

complaint must allege facts concerning all of the elements of the stated causes of action, and dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *See Wilkerson v. New Media Technology Charter School Inc.*, 522 F.3d 315, 319-22 (3d Cir. 2008) (affirming dismissal of failure to accommodate cause of action where plaintiff failed to allege facts to show all elements of the cause of action). Thus, a claimed cause of action should be dismissed if facts have not been plead for all the elements of the cause of action. *E.I. du Pont de Nemours & Co. v. Heraeus Holding GmbH*, No. 11-773, 2012 U.S. Dist. LEXIS 140037, at *33 (D. Del. Sept. 28, 2012).

### B.      The FAC Fails to State a Claim for Liability Against UOL

The only allegation of liability against UOL in the FAC is premised on an alleged "*de facto* merger" between FTDG and UOL. D.I. 12 ¶ 17. The allegation of "*de facto* merger" between FTDG and UOL in the FAC should not be accepted as true because that is a legal conclusion and, as discussed above, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. As also discussed above, a claimed cause of action should be dismissed if facts have not been plead for all the elements of the cause of action. Here, the Plaintiff has failed to adequately plead *de facto* merger between FTDG and UOL, because the FAC does not allege any facts concerning any of the elements required for a *de facto* merger.

### 1.      The Required Factual Elements for Pleading *De Facto* Merger

Delaware uses the doctrine of *de facto* merger sparingly, and only in very limited contexts. *Allstate Insurance Co. v. Countrywide Fin. Corp.*, 842 F. Supp. 2d 1216, 1231 (C.D. Cal. 2012) (applying Delaware law and dismissing *de facto* merger allegations for failure to state a claim). In order to plead *de facto* merger under Delaware law, a Plaintiff must allege facts to show that (1) adequate consideration was not received and held by the transferor corporation in

6

exchange for the assets that were transferred; (2) the asset transfer did not comply with the statute governing such an asset sale; (3) creditors or stockholders were injured by a failure to comply with the statute governing an asset sale; and (4) there was fraud or bad faith. *Id.*; *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, No. 2:10-CV-0302, 2011 U.S. Dist. LEXIS 53359, at *16-23 (C.D. Cal. Apr. 20, 2011) (applying Delaware law and dismissing *de facto* merger allegations for failure to state a claim); *see also, Heilbrunn v. Sun Chemical Corp.*, 37 Del. Ch. 552, 146 A.2d 757, 760 (Del. Ch. 1958) (dismissing *de facto* merger allegations for failure to state a claim because, *inter alia*, the purchase was made in conformity with Delaware statutory authority, and the complaint did not clearly allege that the transaction was fraudulent or the consideration insufficient), *aff'd*, 38 Del. Ch. 321, 150 A.2d 755 (Del. 1959); *Bryant, Griffith & Brunson, Inc. v. General Newspapers, Inc.*, 36 Del. 468, 178 A. 645, 648 (Del. Super. 1935) (concluding that the transfer of assets, in the absence of fraud or other equitable considerations, does not constitute *de facto* merger).   Under Delaware law, the separate legal existence of corporate entities should be respected—even when those separate corporate entities are under common ownership and control. *Allied Capital Corp. v. GC-Sun Holdings, L.P.*, 910 A.2d 1020, 1038 (Del. Ch. 2006).

## 2. The FAC Does Not Properly Plead *De Facto* Merger

The FAC in the present case does not properly plead *de facto* merger, because the FAC does not allege any facts concerning any of the elements required for a *de facto* merger.   First, the FAC fails to plead that adequate consideration was not received and held by FTDG in exchange for assets transferred to UOL.   Second, the FAC does not allege any asset sale that failed to comply with Delaware statutes.   Third, the FAC does not allege that creditors or stockholders have suffered an injury due to any failure to comply with statutory requirements. Fourth, the FAC does not allege any fraud or bad faith on behalf of UOL.   Moreover, there are

7

no facts in the FAC to indicate that UOL has expressly or implicitly agreed to assume any of FTDG's liabilities.  Plaintiff, therefore, has not properly alleged *de facto* merger, and thus, the allegation of liability against UOL should be dismissed.

### C.   Leave to Amend Should Be Denied

As discussed *supra*, this is the Plaintiff's second attempt to have a claim against UOL. There is no basis under an alter ego theory or under a *de facto* merger theory.  Plaintiff admits that UOL is not an infringer.  Leave to amend should be denied where the amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).  Futility of amendment occurs when the complaint,  as amended, does not state a claim upon which relief can be granted.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).  Any further efforts to concoct a theory of liability against UOL would be even more baseless than the present one. As such, leave to amend should be denied and UOL should be dismissed with prejudice.

## V.   CONCLUSION

For each and all of the foregoing reasons, Defendant UOL respectfully submits that this Motion should be granted to dismiss Plaintiff's FAC against UOL with prejudice.

RLF1 9504046v.1

_/s/ Kelly E. Farnan_

Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

_Attorneys for Defendant United Online, Inc._

_Of Counsel:_

FOLEY & LARDNER LLP
William J. Robinson
Jean-Paul Ciardullo
Justin M. Sobaje
555 S. Flower St., Suite 3500
Los Angeles, CA  90071
(213) 972-4500
wrobinson@foley.com
jciardullo@foley.com
jsobaje@foley.com

Dated:  October 23, 2013

9