**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>FTD GROUP, INC. and UNITED ONLINE, INC.,<br><br>        Defendants. | C.A. No. 13-518-LPS |

**DEFENDANT UNITED ONLINE, INC. ANSWERING BRIEF TO PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

RICHARDS, LAYTON & FINGER, P.A.
Kelly E. Farnan (#4395)
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Farnan@rlf.com

*Of Counsel:*

FOLEY & LARDNER LLP
William J. Robinson
Jean-Paul Ciardullo
Justin M. Sobaje
555 S. Flower St., Suite 3500
Los Angeles, CA  90071
(213) 972-4500
wrobinson@foley.com
jciardullo@foley.com
jsobaje@foley.com

*Attorneys for Defendant United Online, Inc.*

Dated:  December 2, 2013

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

I.      NATURE AND STAGE OF PROCEEDINGS ............................................................. 1

II.     SUMMARY OF ARGUMENT ...................................................................................... 1

III.    STATEMENT OF FACTS .............................................................................................. 3

IV.     ARGUMENT ................................................................................................................... 4

        A.      Plaintiff's Motion for Leave to File the SAC Should be Struck Because it
                is Not a Proper Response to UOL's Currently Pending Motion to Dismiss ........... 4

        B.      Plaintiff's Motion for Leave to File the SAC Should be Denied Because
                There Has Been Undue Delay and Amendment Would be Futile ......................... 6

                1.      Plaintiff's Proposed SAC Does Not State Any Facts To Support
                        Any Implied Assumption of Liability by UOL ........................................ 8

                2.      Plaintiff's Proposed SAC Does Not State Any Facts To Support *De
                        Facto* Merger ........................................................................................ 11

                        a.      The Proposed SAC Does Not Plead Any Facts to Show that
                                FTDG Transferred All Of Its Assets to UOL ............................... 12

                        b.      The Proposed SAC Does Not Plead Any Facts to Show that
                                Payment Was Made Solely in Stock ............................................ 13

                        c.      The Proposed SAC Does Not Plead Any Facts to Show that
                                UOL Assumed Any of FTDG's Debts or Liabilities .................... 14

                        d.      The Proposed SAC Does Not Plead Any Facts to Show
                                Fraud .......................................................................................... 15

                3.      Plaintiff's Proposed SAC Does Not State Any Facts To Support
                        Infringement by UOL ............................................................................ 16

V.      CONCLUSION ............................................................................................................ 17

RLF1 9645869v.1

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alioto v. Town of Lisbon*,
   651 F.3d 715 (7th Cir. 2011) ............................................................1, 5

*Allen v. Seattle Pub. Sch.*,
   No. C08-703, 2009 U.S. Dist. LEXIS 35200 (W.D. Wash. Apr. 13, 2009)..........................5

*Allstate Ins. Co. v. Countrywide Fin. Corp.*,
   842 F. Supp. 2d 1216 (C.D. Cal. 2012) ........................................ *passim*

*Arris Group, Inc. v. British Telecomms. PLC*,
   639 F.3d 1368 (Fed. Cir. 2011)........................................................17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)........................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................7

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012)....................................................7, 17

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997)............................................................6

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2005)........................................................17

*DSU Med. Corp. v. JMS Co., LTD.*,
   471 F.3d 1293 (Fed. Cir. 2006)........................................................16

*E.I. du Pont de Nemours & Co. v. Heraeus Holding GmbH*,
   No. 11-773, 2012 U.S. Dist. LEXIS 140037 (D. Del. Sept. 28, 2012)....................8

*Foman v. Davis*,
   371 U.S. 178 (1962)....................................................................1, 6

*Fujitsu Ltd. v. Netgear, Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010)........................................................17

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011)..................................................................16

*Harrison Beverage Co. v. Dribeck Importers, Inc.*,
  133 F.R.D. 463 (D.N.J. 1990) ..............................................................................6

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
  No. 2:10-CV-0302, 2011 U.S. Dist. LEXIS 53359 (C.D. Cal. Apr. 20, 2011) .................12, 15

*Marnavi S.p.A. v. Keehan*,
  900 F. Supp. 2d 377 (D. Del. 2012) ........................................................12

*Polius v. Clark Equip. Co.*,
  802 F.2d 75 (3d Cir. 1986) ....................................................................11

*Raytech Corp. v. White*,
  54 F.3d 187 (3rd Cir. 1995) ..................................................................12

*Riley v. Sec'y Pa. Dep't of Corr.*,
  No. 12-2704, 2013 U.S. App. LEXIS 18090 (3d Cir. Aug. 29, 2013) .....................5

*Software Freedom Conservancy, Inc. v. Best Buy Co., Inc.*,
  783 F. Supp. 2d 648 (S.D.N.Y. 2011) ....................................................14

*Wellman v. DuPont Dow Elastomers, LLC*,
  739 F. Supp. 2d 665 (D. Del. 2010) ....................................................8, 13, 14, 15

*Wilkerson v. New Media Technology Charter School Inc.*,
  522 F.3d 315 (3d Cir. 2008) ..................................................................7

**State Cases**

*Allied Capital Corp. v. GC-Sun Holdings, L.P.*,
  910 A.2d 1020 (Del. Ch. 2006) ............................................................13

*Bryant, Griffith & Brunson, Inc. v. General Newspapers, Inc.*,
  36 Del. 468, 178 A. 645 (Del. Super. 1935) ....................................12, 15

*Buechner v. Farbenfabriken Bayer Aktiengesellschaft*,
  38 Del. Ch. 490, 154 A.2d 684 (Del. 1959) ....................................8, 10, 13, 14

*Heilbrunn v. Sun Chemical Corp.*,
  37 Del. Ch. 552, 146 A.2d 757 (Del. Ch. 1958), *aff'd*, 38 Del. Ch. 321, 150 A.2d 755 (Del. 1959) ....................................12, 15

**Federal Statutes**

35 U.S.C.
  § 271(a) ....................................................................16
  § 271(b) ....................................................................16
  § 271(c) ....................................................................16, 17

iii

**Other Authorities**

Fed. R. Civ. P. 8(a)(2)...........................................................................................................................7

Fed. R. Civ. P. 15(a)(2).........................................................................................................................6

iv

I.      **NATURE AND STAGE OF PROCEEDINGS**

Plaintiff Princeton Digital Image Corporation ("Plaintiff") filed an original Complaint against Defendants FTD Group, Inc. ("FTDG") and United Online, Inc. ("UOL") (collectively, "Defendants") on April 2, 2013, alleging infringement by Defendants of U.S. Patent No. 4,813,056 ("the '056 patent").  D.I. 1.  On September 19, 2013, Defendants filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.  D.I. 8, 9.  On October 7, 2013, Plaintiff filed a First Amended Complaint ("FAC").  D.I. 12.  On October 23, 2013, FTDG filed an answer to the FAC, and UOL filed a motion to dismiss Plaintiff's FAC against UOL on the ground that Plaintiff has failed to state a claim against UOL upon which relief can be granted.  D.I. 13, 15, 16.  Plaintiff never responded to UOL's currently pending motion to dismiss.  On November 12, 2013, Plaintiff filed a motion for leave to file a Second Amended Complaint ("SAC").  D.I. 18.  UOL provides this answering brief to respond to Plaintiff's motion for leave to file the SAC.

II.     **SUMMARY OF ARGUMENT**

1.      Plaintiff's motion for leave to file the SAC should be stricken as improper.  Plaintiff failed to respond to UOL's motion to dismiss by the required deadline, and instead merely filed the motion for leave to file the SAC.  A motion for leave to file an amended complaint, however, is not an appropriate response to a motion to dismiss, so Plaintiff has waived any right to contest dismissal of UOL.  *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719, 721-22 (7th Cir. 2011).

2.      Plaintiff's motion for leave to file the SAC should be denied because there has been undue delay and the proposed amendments would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  There has been undue delay by Plaintiff in seeking to amend the complaint because this case was filed back on April 2, 2013.  UOL has already filed two motions to dismiss based on Plaintiff's previous complaints.  Plaintiff's currently proposed amendments in the proposed SAC are purportedly based on information from a press release that was published in 2008, which Plaintiff should have

uncovered in its pre-filing investigation.

3.      Plaintiff's proposed SAC is futile because it does not state any facts to support any implied assumption of liability by UOL.  Plaintiff's proposed SAC states that "FTD Group, Inc. continued to operate as a wholly-owned subsidiary of United Online, Inc. after the acquisition."  D.I. 18-1 at ¶ 20 (emphasis added).  Even if that statement is assumed to be true, the conclusion to be drawn is that UOL did not impliedly assume any liabilities of FTDG, because FTDG was a subsidiary of UOL and, in the absence of fraud, the separate corporate existence of FTDG and UOL cannot be disregarded. *See Allstate Ins. Co. v. Countrywide Fin. Corp.*, 842 F. Supp. 2d 1216, 1222, 1230-31 (C.D. Cal. 2012) (applying Delaware law to successor liability claims and finding that there is no assumption of liability by a parent corporation for the debts of a wholly-owned subsidiary.)  Even if UOL voluntarily paid certain debts of FTDG, that does not mean that UOL was legally obligated to pay those debts, nor that it is legally obligated to pay others.  *See Id.* at 1231.

4.      Plaintiff's proposed SAC is also futile because it does not provide facts for any of the four elements required for a claim of *de facto* merger.  First, the proposed SAC actually pleads facts that show that FTDG did not transfer all of its assets to UOL.  Second, there are no facts pled in the proposed SAC to show that payment was made solely in stock and, indeed, the proposed SAC actually states that part of the consideration included cash.  Third, there are no facts pled in the proposed SAC to show that UOL agreed to assume all the debts and liabilities of FTDG.  A parent corporation is not liable for the debts of a subsidiary corporation, even if the subsidiary corporation is wholly owned by the parent corporation.  *Allstate*, 842 F. Supp. 2d at 1222, 1230-31.  Fourth, there are no facts pled in the proposed SAC to show fraud by UOL or FTDG.

5.      Lastly, Plaintiff's proposed SAC includes a proposed amendment in the "Prayer for Relief" to request "a judgment declaring that Defendant United Online, Inc. infringed the '056 patent."

2

RLF1 9645869v.1

D.I. 18-1 at p. 5.  That proposed amendment would be futile, however, because there are <u>no facts</u> in the proposed SAC to support a claim of infringement against UOL.  Plaintiff <u>admits</u> that UOL does <u>not</u> directly infringe the '056 patent, and Plaintiff has failed to adequately plead inducing or contributory infringement by UOL in the proposed SAC because Plaintiff does not allege the necessary elements nor provide any supporting facts concerning all of the elements for inducing or contributory infringement.

## III.   <u>STATEMENT OF FACTS</u>

On April 2, 2013, Plaintiff filed the original Complaint that alleged patent infringement by both FTDG and UOL.  D.I. 1 at ¶ 9.  On September 19, 2013, FTDG and UOL filed a Motion to Dismiss Plaintiff's original Complaint for failure to state a claim upon which relief can be granted.  D.I. 8, 9.  On October 7, 2013, Plaintiff filed the FAC alleging infringement by FTDG, and admitting that "Defendant United Online, Inc. is <u>not</u> alleged to have infringed the '056 patent directly".  D.I. 12 at ¶ 17 (emphasis added).  On October 23, 2013, UOL filed a motion to dismiss Plaintiff's FAC against UOL on the ground that Plaintiff has failed to state a claim against UOL upon which relief can be granted. D.I. 13, 15, 16.  The deadline for responding to that motion was November 12, 2013.  Plaintiff never responded to UOL's currently pending motion to dismiss.

On November 12, 2013, Plaintiff filed the motion for leave to file the SAC, which included as exhibits Plaintiff's proposed SAC, a mark-up version of the proposed SAC, and a press release from UOL dated August 26, 2008.  D.I. 18, 18-1, 18-2, 18-3.  Plaintiff's proposed SAC states that "[o]n or about August 26, 2008, Defendant FTD Group, Inc. was acquired by Defendant United Online, Inc." D.I. 18-1 at ¶ 7.  The proposed SAC also states that "[u]pon information and belief, the consideration used for the acquisition included $10.15 in cash and 0.4087 of a share of United Online, Inc. common stock for each share of FTD Group, Inc. common stock" and that "[t]he remaining purchase price consisted of repayment of FTD Group, Inc. indebtedness and expenses incurred in connection with the

3

acquisition." *Id.* at ¶ 18.  Plaintiff's proposed SAC further states that "FTD Group, Inc. continued to operate as a <u>wholly-owned subsidiary</u> of United Online, Inc. after the acquisition."  *Id.* at ¶ 20 (emphasis added).

The proposed SAC also states that "[u]pon information and belief, after the acquisition, FTD Group, Inc. continued to operate from its existing facilities including its U.S. and international headquarters," and that "[u]pon information and belief, after the acquisition, FTD Group, Inc.'s management team and employees were retained." *Id.* at ¶¶ 21-22.  Plaintiff's proposed SAC includes a proposed amendment in the "Prayer for Relief" to request "a judgment declaring that Defendant United Online, Inc. infringed the '056 patent." *Id.* at p. 5.[1]

## IV.   ARGUMENT

### A.   Plaintiff's Motion for Leave to File the SAC Should be Struck Because it is Not a Proper Response to UOL's Currently Pending Motion to Dismiss

Plaintiff's motion for leave to file the SAC should be stricken as improper, because it is <u>not</u> an appropriate response to UOL's currently pending motion to dismiss.  UOL filed its currently pending motion to dismiss the FAC on October 23, 2013.  D.I. 15, 16.  The deadline for responding to that motion to dismiss was November 12, 2013.  Plaintiff failed to respond by that deadline to the motion to dismiss, and instead merely filed the motion for leave to file the SAC.  A motion for leave to file an amended complaint, however, is <u>not</u> an appropriate response to a motion to dismiss, and Plaintiff has abandoned its litigation against UOL by failing to file a response to the motion to dismiss by the

---

[1] Also, by way of an update to information provided in UOL's second motion to dismiss, UOL issued a press release on November 1, 2013, which states in part that "United Online, Inc. (Nasdaq:UNTD) today announced that it has successfully completed the separation of FTD Companies, Inc. ("FTD") from United Online, Inc. ("United Online") through a tax-free dividend involving the distribution of all FTD common stock held by United Online to United Online's stockholders." (See Ex. 1 to Declaration of William J. Robinson, filed concurrently herewith). FTDG is a wholly owned subsidiary of FTD Companies, Inc. D.I. 14. There is, therefore, a complete separation of UOL and FTDG.

4

required deadline.  *See Alioto*, 651 F.3d at 719, 721-22 (finding that a motion for leave to amend a complaint was <u>not</u> an appropriate response to motions to dismiss, and that plaintiff waived his right to contest dismissal by failing to oppose the motions to dismiss).

In *Alioto*, after the defendants filed motions to dismiss a complaint, the plaintiff did not file a response brief to the motions to dismiss, but instead only sought leave to amend the complaint.  *Id.* at 716-17.  The district court ruled that the plaintiff <u>forfeited</u> his opportunity to oppose the defendants' motions to dismiss by failing to respond to those motions.  *Id.* at 719.  The judgment of the district court was affirmed and the plaintiff waived his right to contest the dismissal, because <u>a motion for leave to amend a complaint is not an appropriate response to a motion to dismiss</u> since the only appropriate response to a motion to dismiss is to oppose the motion or risk <u>abandoning</u> the litigation. *Id.* at 721-22; *See also Allen v. Seattle Pub. Sch.*, No. C08-703, 2009 U.S. Dist. LEXIS 35200, at *5-7, 12 (W.D. Wash. Apr. 13, 2009) (finding that plaintiff's filing of <u>a motion to amend was not a response to two pending motions to dismiss</u>, and questioning "Why, after finally obtaining counsel, did his attorney ignore two pending motions to dismiss and simply file a motion to amend … as though there was nothing else to consider?"); *Riley v. Sec'y Pa. Dep't of Corr.*, No. 12-2704, 2013 U.S. App. LEXIS 18090, at *5, 9 (3d Cir. Aug. 29, 2013) (finding that plaintiff failed to comply with multiple orders directing him to respond to a motion to dismiss even though he filed a cross-motion to amend a second amended complaint, which was struck as having been improvidently filed).

Just as the motion for leave to amend the complaint in *Alioto* was <u>not</u> an appropriate response to the pending motions to dismiss and led to the abandonment of the litigation, Plaintiff's motion for leave to file the SAC in the present case is <u>not</u> an appropriate response to UOL's currently pending motion to dismiss, and Plaintiff has <u>forfeited</u> any opportunity to oppose or contest dismissal of UOL. Plaintiff has chosen to ignore the currently pending motion to dismiss and to instead file a motion for

leave to file the SAC, which is not a proper response to the motion to dismiss, so Plaintiff's motion for leave to file the SAC should be stricken as improper.  Furthermore, UOL's currently pending motion to dismiss the FAC should be granted.

**B.** **Plaintiff's Motion for Leave to File the SAC Should be Denied Because There Has Been Undue Delay and Amendment Would be Futile**

Plaintiff has already amended the complaint once.  In order to amend a complaint a second time, Rule 15(a) provides that a party may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  The court should not provide leave to amend the complaint if there has been undue delay or if the amendment of the complaint would be futile.  *Foman*, 371 U.S. at 182.  Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).  Plaintiff's motion for leave to file the SAC should be denied because there has been undue delay and because amendment of the complaint would be futile.

There has been undue delay by Plaintiff in seeking to amend the complaint.  This case was filed back on April 2, 2013.  UOL has already filed two motions to dismiss based on Plaintiff's previous complaints.  Plaintiff's currently proposed amendments in the proposed SAC are purportedly based on information from a press release that was published in 2008. D.I. 18-3.  Plaintiff had a duty to conduct a pre-filing investigation, which should have uncovered the information in the press release from 2008.  UOL has been spending money filing motions to dismiss against Plaintiff's baseless claims that keep shifting, and Plaintiff's currently proposed SAC against UOL is equally as baseless.  Since the information in the press release was publicly available since 2008, there has been undue delay by

Plaintiff in waiting from April 2, 2013 until now to propose the amendments to the complaint.

Amendment of the complaint would be futile in the present case, because the proposed SAC does <u>not</u> plead facts necessary for the claims of implied assumption of liability or *de facto* merger, so the SAC itself would have to be dismissed. According to Fed. R. Civ. P. 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a "threshold requirement" for Rule 8(a)(2), which is that "the 'plain statement' possess enough heft to 'show that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). To meet the threshold requirement, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations omitted).

"To survive a motion to dismiss, a complaint must contain *sufficient factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Twombly*, 550 U.S. at 570). In other words, a complaint must contain enough "factual content" to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

In a patent case, a motion to dismiss for failure to state a claim is reviewed under the law of the regional circuit. *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). In the Third Circuit, in order to survive a 12(b)(6) motion, a complaint must allege facts concerning all of the elements of the stated causes of action, and dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *See Wilkerson v.*

7

*New Media Technology Charter School Inc.*, 522 F.3d 315, 319-22 (3d Cir. 2008) (affirming dismissal of failure to accommodate cause of action where plaintiff failed to allege facts to show all elements of the cause of action).  Thus, a claimed cause of action should be dismissed if facts have not been plead for all the elements of the cause of action.  *E.I. du Pont de Nemours & Co. v. Heraeus Holding GmbH*, No. 11-773, 2012 U.S. Dist. LEXIS 140037, at *33 (D. Del. Sept. 28, 2012).

Plaintiff's proposed SAC would have to be dismissed, because it does <u>not</u> allege facts concerning all of the elements needed for implied assumption of liability or *de facto* merger, so amendment of the complaint as proposed in the SAC would be futile.

## 1.   <u>Plaintiff's Proposed SAC Does Not State Any Facts To Support Any Implied Assumption of Liability by UOL</u>

Plaintiff's proposed SAC is futile, because it does not state any facts to support any implied assumption of liability by UOL.  In the absence of fraud, a parent corporation is <u>not</u> liable for the debts of a subsidiary corporation, <u>even if the subsidiary corporation is wholly owned by the parent corporation</u>.  *Buechner v. Farbenfabriken Bayer Aktiengesellschaft*, 38 Del. Ch. 490, 154 A.2d 684, 686-87 (Del. 1959) (finding that a subsidiary corporation is an entity, distinct from its stockholders even if the subsidiary's stock is wholly owned by one corporation, and that the separate existence of the subsidiary corporation cannot be disregarded in the absence of fraud); *Wellman v. DuPont Dow Elastomers, LLC*, 739 F. Supp. 2d 665, 669 (D. Del. 2010) ("Delaware courts have consistently held that, in the absence of fraud, the separate entity of a corporation is to be recognized.") (internal quotations omitted); *Allstate*, 842 F. Supp. 2d at 1222, 1230-31 (applying Delaware law to successor liability claims and finding that there is <u>no</u> assumption of liability by a parent corporation for the debts of a <u>wholly-owned subsidiary</u>.)

In *Allstate*, the court found that the plaintiff had <u>not</u> adequately alleged implied assumption of liability by Bank of America for liabilities of its <u>wholly owned subsidiary</u> Countrywide.  *Id.* at 1221,

8

1230-31.  The court began by indicating that Delaware law applied to the successor liability claims.  *Id.* at 1222.  The court then emphasized that Countrywide was a *subsidiary* of Bank of America and, consequently, Bank of America was <u>not</u> liable for Countrywide's losses and liabilities.  *Id.* at 1230-31. The court further reasoned that even if Bank of America paid some of Countrywide's debts, that payment of debts did <u>not</u> mean that Bank of America impliedly assumed any of Countrywide's liabilities.  *Id.*  The court stated that "[t]he fact that Bank of America has voluntarily paid certain debts of Countrywide does not mean that it was legally obligated to pay them, nor that it is legally obligated to pay others."  *Id.* at 1231.

Just as in *Allstate*, Plaintiff in the present case has not adequately alleged implied assumption of liability.  Plaintiff's proposed SAC states that "FTD Group, Inc. continued to operate as a <u>wholly-owned subsidiary</u> of United Online, Inc. after the acquisition."  D.I. 18-1 at ¶ 20 (emphasis added). Even if that statement is assumed to be true, the conclusion to be drawn is that UOL did <u>not</u> impliedly assume any liabilities of FTDG, because FTDG was a <u>subsidiary</u> of UOL and, in the absence of fraud, the separate corporate existence of FTDG and UOL could not be disregarded.  As discussed *supra*, in the absence of fraud, there is <u>no</u> assumption of liability by a parent corporation for the debts of a <u>wholly-owned subsidiary</u>.  Plaintiff's proposed SAC does not allege any fraud by FTDG or UOL, so the proposed SAC does not support any implied assumption of liability by UOL.

Plaintiff argues that in 2008, UOL acquired FTDG through an asset purchase transaction.  D.I. 18 at ¶ 32.  If the Plaintiff is trying to insinuate that UOL acquired the <u>individual assets</u> of FTDG rather than acquiring the <u>stock</u> of FTDG as a separate <u>subsidiary</u> corporation, such a suggestion is shown to be false by Plaintiff's own recognition in the proposed SAC that "FTD Group, Inc. continued to operate as a <u>wholly-owned subsidiary</u> of United Online, Inc. after the acquisition."  D.I. 18-1, ¶ 20 (emphasis added).  The proposed SAC also states that the acquisition was for "each share of FTD Group, Inc.

9

common stock." D.I. 18-2 at ¶ 18 (emphasis added).  Since FTDG was a subsidiary of UOL, there was no assumption of FTDG's liabilities by UOL.  *See Buechner*, 154 A.2d at 686-87 (due to the separate corporate existence of a parent corporation and a subsidiary corporation, a parent corporation has no interest in any specific assets of the subsidiary corporation); *Allstate*, 842 F. Supp. 2d at 1222, 1230-31 (there is no assumption of liability by a parent corporation for the debts of a wholly-owned subsidiary).

Plaintiff states that "[p]art of the consideration for that transaction consisted of UOL agreeing to pay certain FTD debts and liabilities." D.I. 18 at ¶ 32.  Even if that statement is assumed to be true, the voluntary payment by UOL of certain debts of FTDG does not mean that UOL was legally obligated to pay those debts, nor that it is legally obligated to pay others.  *See Allstate*, 842 F. Supp. 2d at 1231 ("[t]he fact that Bank of America has voluntarily paid certain debts of Countrywide does not mean that it was legally obligated to pay them, nor that it is legally obligated to pay others.")  In other words, the voluntary payment of certain debts of FTDG by UOL would not mean that UOL impliedly assumes any liabilities of FTDG.

Plaintiff argues that UOL planned to assume control of and liability for the www.ftd.com website based on the statement in a press release that UOL planned to "leverage United Online's proven marketing expertise in attracting consumers to the highly popular www.ftd.com Web site …." D.I. 18 at ¶ 33.  Nothing in that statement, however, indicates that UOL planned to assume control of or liability for the www.ftd.com website.  Helping to attract consumers to a website is not assuming control of the website and is not assuming any liabilities for the website.

Plaintiff's proposed SAC also alleges that FTDG continued to operate as a wholly-owned subsidiary of UOL after the acquisition, that FTDG continued to operate from its existing facilities including its U.S. and international headquarters, and that FTDG's management team and employees were retained after the acquisition. D.I. 18-1 at ¶¶ 20-22.  Even if those statements are assumed to be

true, they would demonstrate that UOL did <u>not</u> assume control over any operations of FTDG or any liabilities of FTDG, but instead treated FTDG as a <u>subsidiary</u> being a separate entity from UOL.

Indeed, as stated in UOL's recent press release of November 1, 2013, UOL announced that it has successfully completed the separation of FTD Companies, Inc. (of which FTDG is a subsidiary) from UOL through distribution of all FTD Companies, Inc. common stock held by UOL to UOL's stockholders. *See* Decl. of Robinson, Ex. 1. Plaintiff's proposed allegations of implied assumption of liability completely make no sense in view of the complete separation of UOL and FTDG.[2]

Plaintiff's proposed SAC, therefore, fails to allege any facts concerning implied assumption of liability by UOL and, as a consequence, amendment of the complaint as proposed in the SAC would be futile.

> ### 2.   Plaintiff's Proposed SAC Does Not State Any Facts To Support *De Facto* Merger

Plaintiff's proposed SAC is also futile, because it does not state any facts to support a *de facto* merger between UOL and FTDG. Delaware uses the doctrine of *de facto* merger sparingly, and only in very limited contexts. *Allstate*, 842 F. Supp. 2d at 1231 (applying Delaware law and dismissing *de facto* merger allegations for failure to state a claim). The *de facto* merger doctrine is a rarely-used exception to the "well-settled rule of corporate law, [that] where one company sells or transfers all of its assets to another, the second entity does not become liable for the debts and liabilities, including torts, of the transferor." *Polius v. Clark Equip. Co.*, 802 F.2d 75, 77 (3d Cir. 1986). This is the general rule of successor liability, recognized in all jurisdictions: "when a corporation purchases all or most of the assets of another corporation, the purchasing corporation does not assume the debts and liabilities of the

---

[2]   As noted in UOL's second Motion to Dismiss, UOL is mindful that matters outside the pleadings are not normally considered on this type of motion. D.I. 16 at p. 3 n.1. The unique factual situation presented, *i.e.*, alleged infringement that happened <u>prior to</u> UOL's acquisition of FTDG and now asserted at a time <u>after</u> UOL has spun-off FTDG, shows the impropriety of UOL even being named, much less kept, in the case.

selling corporation." *Raytech Corp. v. White*, 54 F.3d 187, 192 n.6 (3rd Cir. 1995) (citing 15 W. Fletcher, <u>Cyclopedia of the Law of Private Corporations</u> § 7122 at 232).

Under Delaware law, a finding of *de facto* merger requires a showing that: (1) one corporation has transferred all of its assets to another corporation; (2) payment was made in stock, issued by the transferee directly to the shareholders of the transferor corporation; and (3) in exchange for their stock, the transferee agreed to assume all the debts and liabilities of the transferor. *Marnavi S.p.A. v. Keehan*, 900 F. Supp. 2d 377, 397 (D. Del. 2012). A finding of *de facto* merger in Delaware <u>also</u> requires a showing that (4) there was <u>fraud</u> or bad faith. *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, No. 2:10-CV-0302, 2011 U.S. Dist. LEXIS 53359, at *16-23, 28 (C.D. Cal. Apr. 20, 2011) (analyzing and applying Delaware law and dismissing *de facto* merger allegations for, *inter alia*, failure to allege fraud); *see also*, *Heilbrunn v. Sun Chemical Corp.*, 37 Del. Ch. 552, 146 A.2d 757, 760 (Del. Ch. 1958) (dismissing *de facto* merger allegations for failure to state a claim because, *inter alia*, the complaint did not clearly allege that the transaction was fraudulent), *aff'd*, 38 Del. Ch. 321, 150 A.2d 755 (Del. 1959); *Bryant, Griffith & Brunson, Inc. v. General Newspapers, Inc.*, 36 Del. 468, 178 A. 645, 648 (Del. Super. 1935) (concluding that the transfer of assets, in the absence of fraud or other equitable considerations, does not constitute *de facto* merger).

As discussed *infra*, Plaintiff's proposed SAC is futile, because it does <u>not</u> provide facts for any of the above four elements required for *de facto* merger.

### a.   The Proposed SAC Does Not Plead Any Facts to Show that FTDG Transferred All Of Its Assets to UOL

Plaintiff's proposed SAC does not plead any facts regarding the first prong of the *de facto* merger test, because there are no facts pled in the proposed SAC to show that FTDG transferred all of its assets to UOL. Indeed, the proposed SAC actually pleads facts that show that FTDG did <u>not</u> transfer all of its assets to UOL. In particular, the proposed SAC states that the acquisition was for

12

"each <u>share</u> of FTD Group, Inc. common <u>stock</u>," and that "FTD Group, Inc. continued to operate as a <u>wholly-owned subsidiary</u> of United Online, Inc. after the acquisition." D.I. 18-1 at ¶¶ 18, 20 (emphasis added). In other words, UOL <u>never acquired</u> the individual assets of FTDG, because FTDG remained a separate entity as a wholly-owned subsidiary.

Under Delaware law, the separate legal existence of corporate entities should be respected. *Allied Capital Corp. v. GC-Sun Holdings, L.P.*, 910 A.2d 1020, 1038 (Del. Ch. 2006); *Wellman*, 739 F. Supp. 2d at 669 ("Delaware courts have consistently held that, in the absence of fraud, the separate entity of a corporation is to be recognized.") (internal quotations omitted). A subsidiary corporation is an entity, <u>distinct from its stockholders</u> <u>even if the subsidiary's stock is wholly owned by one corporation</u>, and the <u>separate existence</u> of the subsidiary corporation cannot be disregarded in the absence of <u>fraud</u>. *Buechner*, 154 A.2d at 686-87. A <u>shareholder</u> has no interest of any specific assets of the corporation. *Id.* at 686. Since FTDG was a wholly-owned <u>subsidiary</u> of UOL, it remained a separate entity from UOL, and the assets of FTDG were <u>not</u> transferred to UOL. Plaintiff's proposed SAC does not plead any allegations of fraud, so the separate existence of the corporations cannot be disregarded and, consequently, there are no facts plead in the proposed SAC to show that FTDG transferred all of its assets to UOL.

Indeed, as stated in UOL's recent press release of November 1, 2013, UOL announced that it has successfully completed the separation of FTD Companies, Inc. (of which FTDG is a subsidiary) from UOL through distribution of all FTD Companies, Inc. common stock held by UOL to UOL's stockholders. *See* Decl. of Robinson, Ex. 1. Plaintiff's proposed allegations of *de facto* merger make no sense in view of the complete separation of UOL and FTDG.

b.    **The Proposed SAC Does Not Plead Any Facts to Show that Payment Was Made Solely in Stock**

Plaintiff's proposed SAC does not plead any facts regarding the second prong of the *de facto*

13

merger test, because there are no facts pled in the proposed SAC to show that payment was made <u>solely</u> in stock. Indeed, the proposed SAC actually states that part of the consideration included <u>cash</u>, by stating that "the consideration used for the acquisition included <u>$10.15 in cash</u> and 0.4087 of a share of United Online, Inc. common stock for each share of FTD Group, Inc. common stock." D.I. 18-1 at ¶ 18 (emphasis added). Thus, even according to the pleading in the SAC, the consideration used was <u>not solely stock</u> and included a <u>cash</u> payment, which shows that there was <u>no</u> *de facto* merger. *See Software Freedom Conservancy, Inc. v. Best Buy Co., Inc.*, 783 F. Supp. 2d 648, 653 (S.D.N.Y. 2011) (noting that under California law one of the prongs in the test for *de facto* merger is: "was the consideration paid for the assets <u>solely</u> stock of the purchaser or its parent …?") (emphasis added).

### c. The Proposed SAC Does Not Plead Any Facts to Show that UOL Assumed Any of FTDG's Debts or Liabilities

Plaintiff's proposed SAC does not plead any facts regarding the third prong of the *de facto* merger test, because there are no facts pled in the proposed SAC to show that UOL agreed to assume all the debts and liabilities of FTDG. As discussed *supra* in Section IV.B.1, in the absence of fraud, a parent corporation is <u>not</u> liable for the debts of a subsidiary corporation, <u>even if the subsidiary corporation is wholly owned by the parent corporation</u>. *Buechner*, 154 A.2d at 686-87 (finding that a subsidiary corporation is an entity, distinct from its stockholders even if the subsidiary's stock is wholly owned by one corporation, and that the separate existence of the subsidiary corporation cannot be disregarded in the absence of fraud); *Wellman*, 739 F. Supp. 2d at 669 ("Delaware courts have consistently held that, in the absence of fraud, the separate entity of a corporation is to be recognized.") (internal quotations omitted); *Allstate*, 842 F. Supp. 2d at 1222, 1230-31 (applying Delaware law to successor liability claims and finding that there is <u>no</u> assumption of liability by a parent corporation for the debts of a <u>wholly-owned subsidiary</u>.)

Plaintiff's proposed SAC states that "FTD Group, Inc. continued to operate as a <u>wholly-owned</u>

subsidiary of United Online, Inc. after the acquisition." D.I. 18-1 at ¶ 20 (emphasis added). Even if that statement is assumed to be true, the conclusion to be drawn is that UOL did not assume any liabilities of FTDG, expressly or impliedly, because FTDG was a subsidiary of UOL and, in the absence of fraud, the separate corporate existence of FTDG and UOL could not be disregarded.

Plaintiff states that "[p]art of the consideration for that transaction consisted of UOL agreeing to pay certain FTD debts and liabilities." D.I. 18 at ¶ 32. Even if that statement is assumed to be true, the voluntary payment by UOL of certain debts of FTDG does not mean that UOL was legally obligated to pay those debts, nor that it is legally obligated to pay others. *See Allstate*, 842 F. Supp. 2d at 1231 ("[t]he fact that Bank of America has voluntarily paid certain debts of Countrywide does not mean that it was legally obligated to pay them, nor that it is legally obligated to pay others.") In other words, the voluntary payment of certain debts of FTDG by UOL would not mean that UOL expressly or impliedly assumed any liabilities of FTDG.

### d.     The Proposed SAC Does Not Plead Any Facts to Show Fraud

Plaintiff's proposed SAC does not plead any facts regarding the fourth prong of the *de facto* merger test, because there are no facts pled in the proposed SAC to show fraud by UOL or FTDG. *See Maine State*, 2011 U.S. Dist. LEXIS 53359, at *16-23, 28 (analyzing and applying Delaware law and dismissing *de facto* merger allegations for, *inter alia*, failure to allege fraud); *see also*, *Heilbrunn*, 146 A.2d at 760 (dismissing *de facto* merger allegations for failure to state a claim because, *inter alia*, the complaint did not clearly allege that the transaction was fraudulent); *Bryant*, 178 A. at 648 (concluding that the transfer of assets, in the absence of fraud or other equitable considerations, does not constitute *de facto* merger); *Wellman*, 739 F. Supp. 2d at 669 ("Delaware courts have consistently held that, in the absence of fraud, the separate entity of a corporation is to be recognized.") (internal quotations omitted).

15

### 3.    Plaintiff's Proposed SAC Does Not State Any Facts To Support Infringement by UOL

Plaintiff's proposed SAC includes a proposed amendment in the "Prayer for Relief" to request "a judgment declaring that Defendant United Online, Inc. infringed the '056 patent." D.I. 18-1 at p. 5. That proposed amendment would be futile, however, because there are no facts in the proposed SAC to support a claim of infringement against UOL.  The only possible types of patent infringement are (1) direct; (2) inducing; and (3) contributory infringement.  35 U.S.C. § 271(a)-(c).  The proposed SAC does <u>not</u> state any facts to support any of those types of infringement by UOL.

Regarding direct infringement, the proposed SAC actually <u>admits</u> that "Defendant United Online, Inc. is <u>not</u> alleged to have infringed the '056 patent directly ...." D.I. 18-1 at ¶ 17 (emphasis added).

Regarding inducing infringement, the proposed SAC does not state any facts for any of the elements necessary for inducing infringement.  To plead a claim for inducing infringement, a plaintiff must allege facts sufficient to show (1) *knowledge* of the existence of the patent; (2) direct infringement by another; (3) *specific intent* to induce the infringement; and (4) *culpable conduct* directed to encouraging the infringement.  *See* 35 U.S.C. § 271(b); *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011); *DSU Med. Corp. v. JMS Co., LTD.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006). Plaintiff has failed to adequately plead inducing infringement in the proposed SAC, because Plaintiff does not allege the necessary elements nor provide any supporting facts concerning all of the elements for inducing infringement.

Regarding contributory infringement, the proposed SAC does not state any facts for any of the elements necessary for contributory infringement.  To plead a claim for contributory infringement, a patent holder must allege facts sufficient to show (1) *knowledge* of the existence of the patent; (2) direct infringement by another; (3) there has been an offer to sell or sale within the United States or

16

importation into the United States of a *component* of a patented machine (for a "machine" claim) or a material or apparatus for use in practicing a patented process (for a "process" claim); (4) the component (for a "machine" claim) or the material or apparatus (for a "process" claim) *constitutes a material part of the invention*; (5) *knowledge* that the component (for a "machine" claim) or the material or apparatus (for a "process" claim) is *especially made or especially adapted for use in an infringement* of the patent; and (6) the component (for a "machine" claim) or the material or apparatus (for a "process" claim) is *not a staple article or commodity of commerce suitable for substantial non-infringing use*. *See* 35 U.S.C. § 271(c); *Fujitsu Ltd. v. Netgear, Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010); *Arris Group, Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1376 (Fed. Cir. 2011); *In re Bill of Lading*, 681 F.3d at 1337; *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005). Plaintiff has failed to adequately plead contributory infringement in the proposed SAC, because Plaintiff does not allege the necessary elements nor provide any supporting facts concerning all of the elements for contributory infringement.

The proposed SAC, therefore, does not plead facts for any type of infringement by UOL and, consequently, Plaintiff's proposed amendment in the "Prayer for Relief" to request "a judgment declaring that Defendant United Online, Inc. infringed the '056 patent" is futile.

## V.   CONCLUSION

For each and all of the foregoing reasons, Defendant UOL respectfully submits that Plaintiff's motion for leave to file the SAC should be struck or denied, and that Plaintiff's FAC against UOL should be dismissed with prejudice.

17

RLF1 9645869v.1

_____/s/ Kelly E. Farnan_____

Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Farnan@rlf.com

*Of Counsel:*

FOLEY & LARDNER LLP
William J. Robinson
Jean-Paul Ciardullo
Justin M. Sobaje
555 S. Flower St., Suite 3500
Los Angeles, CA  90071
(213) 972-4500
wrobinson@foley.com
jciardullo@foley.com
jsobaje@foley.com

*Attorneys for Defendant United Online, Inc.*

Dated:  December 2, 2013

18